UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHNNY LEE JONES, III,<br><br>　　Plaintiff<br><br>v.<br><br>SGT STOLK, et al.,<br><br>　　Defendants | Case No.: 3:22-cv-00502-ART-CSD<br><br>**Report & Recommendation of<br>United States Magistrate Judge** |

This Report and Recommendation is made to the Honorable Anne R. Traum, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

For the reasons set forth below, the court recommends dismissal of this action for failure to comply with a court order and as a result of Plaintiff's conduct in court proceedings.

**I. BACKGROUND**

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (ECF No. 7.)

On May 8, 2023, the court issued an order setting a mandatory telephonic case management conference for Friday, June 2, 2023, at 9:00 a.m., and required each side to file a case management report no later than Friday, May 26, 2023. (ECF No. 97.) Defendants timely filed their case management report. (ECF No. 107.) Plaintiff did not file a case management report.

The court held the telephonic case management conference on June 2, 2023. (ECF No. 110.) When the court inquired why Plaintiff did not file a case management report, Plaintiff made excuses and claimed he wrote a report that did not get filed. As the court attempted to

conduct the case management conference and discuss the scheduling order, Plaintiff repeatedly interrupted the court and would not comply with the court's requests to stop talking and listen. Instead, Plaintiff used profanity directed at the court and disconnected from the conference. The court directed the courtroom administrator to call back, and Plaintiff continued to use profanity directed to the court. Plaintiff disconnected from the conference a second time. The court directed the courtroom administrator to call back for the third time. Officer Coleman advised the court that Plaintiff told an officer he was finished and left to return to his cell. The court requested the officer prepare a declaration of what occurred. The court scheduled a show cause hearing for June 16, 2023, and ordered Plaintiff to file a written response by June 12, 2023, showing cause why: (1) he failed to file a case management report, (2) his conduct using profanity during a court proceeding, and (3) hanging up on the court on two occasions and refusing to participate in the case management conference. (ECF Nos. 110, 114 (transcript).)

Correctional Officer Jacob Corey's declaration was filed with the court. (ECF No. 115-1.) He confirms that during the conference, Plaintiff hung up the phone twice. (*Id*.)

On June 15, 2023, Plaintiff filed an emergency motion to continue the show cause hearing on the basis that he believed the court was colluding with the Defendants and the Nevada Attorney General's office, and that the undersigned is biased. (ECF No. 117.) The court denied this motion at the June 16, 2023 hearing. (ECF No. 118.)

At the show cause hearing on June 16, 2023, the court noted Plaintiff did not file a written response to the order to show cause. The court allowed Plaintiff to be heard at the hearing. Plaintiff did not express any remorse for his conduct and did not provide any explanation for failing to comply with the court's orders. He only persisted with his unsupported theories that the court is biased against him.

## II. DISCUSSION

The court may, after notice and an opportunity to be heard, impose any and all appropriate sanctions on a party who fails to comply with an order of the court. LR IA 11-8(e).

In "determining whether to dismiss an action on account of a plaintiff's noncompliance with a court order must weigh the public's interest in expeditious resolution of litigation; the court's need to manage its docket; the risk of prejudice to the defendants; the public policy favoring the disposition of cases on their merits; and the availability of less drastic sanctions[.]" *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1222 (9th Cir. 2006).

"Dismissal is a harsh penalty and is to be imposed only in extreme circumstances[.]" *Id*. at 1226.

First, the public has an interest in expeditious resolution of litigation. "[T]he public has an overriding interest in securing 'the just, speedy, and inexpensive determination of every action.'" *Id*. at 1227 (citing Fed. R. Civ. P. 1). "Orderly and expeditious resolution of disputes is of great importance to the rule of law." *Id*. "By the same token, delay in reaching the merits, whether by way of settlement or adjudication, is costly in money, memory, manageability, and confidence in the process." *Id*. Plaintiff's failure to comply with the court's orders, and his disrespectful conduct during court proceedings have impeded this goal.

Second, "[d]istrict courts have an inherent power to control their dockets." *Id*. (citation and quotation marks omitted). "In the exercise of that power they may impose sanctions including, where appropriate, default or dismissal." *Id*. "Rule 16, the central pretrial rule, authorizes a court to manage cases so that disposition is expedited, wasteful pretrial activities are discouraged, the quality of trial is improved, and settlement is facilitated." *Id*. "Subsection (f) puts teeth into these objectives, by permitting the judge to make such orders as are just for a party's failure to obey a

scheduling or pretrial order, including dismissal." *Id*. Rule 41(b) also "permits dismissal for failure or the plaintiff to prosecute or comply with any order of court." *Id*. "In addition, the Supreme Court has recognized that dismissal 'must be available to the district court in appropriate cases, not merely to penalize those whose conduct must be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent.'" *Id*. (quoting *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976) (per curiam)).

Plaintiff's conduct—both in failing to comply with the court's orders and his use of profanity and disrespectful manner in court proceedings—frustrates the court's ability to manage its docket. Allowing this behavior to continue would allow Plaintiff, and not the court, to control the docket.

Third, the court must consider the risk of prejudice. There is a risk of prejudice to the defendants the longer this case is carried on because the memories of witnesses will fade and evidence will be lost. In addition, Plaintiff's conduct persisted into the show cause hearing, which demonstrates that delay in this action was almost a certainty.

Fourth, while "the public policy favoring disposition of cases on their merits strongly counsels against dismissal …[,] [a]t the same time, a case that is stalled or unreasonably delayed by a party's failure to comply with [orders] … cannot move forward toward resolution on the merits." *Id*. at 1228. "[T]his factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Id*. (citation omitted). It would be difficult to move this case forward toward a disposition on the merits given Plaintiff's conduct.

Finally, the court must consider the availability of less drastic sanctions. The court gave Plaintiff an opportunity to show cause why sanctions should not be imposed, and Plaintiff declined

to file a written statement, and failed to offer any excuse or apology or willingness to proceed in good faith at the show cause hearing. Monetary sanctions are not an available option for an inmate who is proceeding *in forma pauperis*. The court is not aware of another available sanction that would address and deter such conduct.

In sum, the majority of the factors weigh in favor of dismissal.

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DISMISSING** this action **WITH PREJUDICE**, and **DENYING AS MOOT** Plaintiff's pending motions.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: June 20, 2023

_____
Craig S. Denney
United States Magistrate Judge