UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| JOHNNY LEE JONES, III, | Case No. 3:22-cv-00502-MMD-CSD |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| SGT STOLK, *et al.*, | |
| Defendants. | |

**I.   SUMMARY**

*Pro se* Plaintiff Johnny Lee Jones, III, who is an inmate in the custody of the Nevada Department of Corrections ("NDOC"), brings this civil rights action under 42 U.S.C. § 1983. (ECF No. 7 ("Complaint").) Before the Court is a Report and Recommendation ("R&R") of United States Magistrate Judge Craig S. Denney (ECF No. 120), recommending the Court dismiss this action for Plaintiff's failure to comply with court orders and disrespectful conduct in court proceedings. Plaintiff filed an objection to the R&R. (ECF No. 159 ("Objection").)[1] As further explained below, because the Court ultimately finds that dismissal as sanctions is too drastic in this case, the Court will reject the R&R. Accordingly, the case will proceed, and the Court will address Plaintiff's remaining pending motions and objections.

**II.   BACKGROUND**

The Court incorporates by reference Judge Denney's description of the pertinent procedural and factual background provided in the R&R, which the Court adopts to the

---

[1]Defendants did not file a response to the Objection, and the deadline to do so has passed.

extent they are consistent with the Court's findings below.[2] (ECF No. 120 at 1-2.)

### III. DISCUSSION

The Court first addresses the R&R and Plaintiff's Objection to the R&R, then addresses Plaintiffs' remaining pending motions and objections.

### A. Plaintiff's Objection to the R&R

Plaintiff objects to Judge Denney's recommendation of dismissal as sanctions for his failure to comply with court orders and his disrespectful and disruptive conduct. This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* Because Plaintiff objects to the entirety of the R&R (ECF No. 159 at 2), the Court's review is de novo.

"District courts have inherent power to control their dockets," and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421,

---

[2] The Court has also considered the transcript of the June 2, 2023 telephonic case management conference (ECF No. 114), transcript of the June 16, 2023 telephonic show cause hearing (ECF No. 134), and the audio recordings of both proceedings.

1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The Court agrees with Judge Denney (ECF No. 120 at 3-4) that Plaintiff's conduct on June 2, 2023 frustrated these interests because his use of profanity and disrespectful conduct distracted from the proceedings and led to the initiation of a show cause process. Moreover, court proceedings simply cannot proceed if Plaintiff walks out and refuses to participate in them.

On the other hand, the Court finds that the third and fourth factors weigh against dismissal. The risk of prejudice to Defendants would be high if Plaintiff's disrespectful conduct were to continue because Defendants would have to keep participating in additional proceedings without advancing any substantive purpose. But the Court cannot find any actual risk of prejudice to Defendants or unreasonable delay arising from having to participate in the one show cause hearing on June 16, 2023 as a result of Plaintiff's behavior. The fourth factor—the public policy favoring disposition of cases on their merits—strongly weighs against dismissal. While the Court agrees with Judge Denney that it would be difficult to move the case forward toward a disposition on the merits if Plaintiff continues his unacceptable conduct (ECF No. 120 at 4), the Court is inclined to give Plaintiff another chance because it recognizes that Plaintiff has apologized in his Objection and understands the seriousness of his conduct (ECF No. 159 at 2). Moreover,

based on the record, Plaintiff has been diligent in prosecuting his action, and therefore, if Plaintiff does not continue to engage in disrespectful conduct, his case can move forward toward a disposition on the merits.

Lastly, the fifth factor—the availability of less drastic alternatives—weighs slightly against dismissal. The Court recognizes, as Judge Denney did (ECF No. 120 at 5), that given Plaintiff's status as an inmate proceeding *in forma pauperis*, typical less drastic sanctions, such as monetary sanctions or civil contempt, may not be meaningful. However, the Court still cannot find that dismissal is the appropriate sanction here because, as far as the Court can tell, this was the first time that Plaintiff demonstrated outward disrespect in a court proceeding. This is particularly true when, as Plaintiff notes (ECF No. 159 at 10-11), it appears that he had not been warned before the fact that his failure to follow a court order or conduct himself in a certain manner would result in dismissal of his action. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), *as amended* (May 22, 1992) ("[A] district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement.").

Because the relevant factors taken together weigh against dismissal, the Court rejects the R&R and sustains the Objection in pertinent part.[3] While the Court finds that Plaintiff's conduct during the June 2, 2023 proceeding was unacceptable and is sanctionable, the Court finds that dismissal is too harsh and will defer its determination of sanctions until the conclusion of this case. *See Malone v. U.S. Postal Serv.*, 833 F.2d 128,

---

[3]Plaintiff argues in his Objection that Judge Denney is biased and partial. (ECF No. 159 at 3-9.) To the extent Plaintiff is arguing that Judge Denney is biased because of adverse rulings against Plaintiff, the Court notes that "adverse rulings are not proof of misconduct." *In re Complaint of Jud. Misconduct*, 900 F.3d 1163, 1166 (9th Cir. 2018). If Plaintiff disagrees with a ruling by Judge Denney, he may appeal it to this Court under LR IB 3-1 or to the Court of Appeals as appropriate.

To the extent Plaintiff is alleging judicial misconduct, the Court notes that there is a separate process for making complaints of judicial misconduct. Complaints of judicial misconduct against judges in this district can be directly filed with the Ninth Circuit, Office of the Circuit Executive. Information about complaints regarding judicial misconduct, including the appropriate form, can be found at https://www.ca9.uscourts.gov/misconduct/guidelines/.

130 (9th Cir. 1987) ("Dismissal is a harsh penalty and is to be imposed only in extreme circumstances."). Plaintiff is warned that if he continues to engage in disrespectful conduct in court proceedings, the Court will more immediately consider sanctions, which could include dismissal of this action.

### B.     Pending Motions and Objections

Having rejected the R&R and allowed the case to proceed, the Court addresses Plaintiff's remaining pending motions and objections.

#### 1.     First R&R (ECF No. 63)

Plaintiff filed emergency motions for a preliminary injunction or temporary restraining order (ECF Nos. 11, 12).[4] Plaintiff requests that the Court order the NDOC "to keep [him] sep[a]rated from all cert team members at Ely State Prison" ("ESP") due to an incident in December 2022 in which these ESP correctional officers allegedly placed him in contact with his alleged abuser—Defendant Chet Rigney—and engaged in retaliatory behavior. (ECF No. 11 at 2-3.) Judge Denney recommends denying the emergency motions because Plaintiff failed to comply with the requirements of Local Rule 7-4. (ECF No. 63 at 1-2 ("First R&R").)[5]

The Court ultimately adopts Judge Denney's recommendation to deny the emergency motions because Plaintiff's requests for injunctive relief are moot.[6] On May 4,

---

[4] The motions are identical but were docketed separately to reflect the two forms of relief sought.

[5] Plaintiff filed an objection to the First R&R (ECF No. 79), so the Court's review is de novo. Defendants filed a motion to extend time (ECF No. 90) to respond to the objection. Good cause appearing, the Court grants Defendant's motion *nunc pro tunc*. However, even with the extension, Defendants filed their response (ECF No. 98) untimely, so the Court declines to consider it. In any event, the response is entirely unhelpful because it is not responsive to Plaintiff's objection to the First R&R (except for one sentence) and is instead virtually identical to Defendants' response (ECF No. 93) to Plaintiff's objection to the second R&R (ECF No. 77 ("Second R&R")).

[6] The Court notes that titling a motion as an "emergency motion" does generally trigger the requirements of LR 7-4. And even if the Court "liberally construes" Plaintiff's motions as not triggering those technical requirements, as Plaintiff asks the Court to do (ECF No. 79 at 2), or waives those requirements, the motions still fail for the reasons discussed further below.

2023, Plaintiff filed a notice of change of address indicating that he was moved to High Desert State Prison ("HDSP") (ECF No. 95), and he has not filed any additional notices of change of address since. Plaintiff is therefore no longer incarcerated at ESP, and there is no indication that the identified ESP "cert team members" could continue to interact with or harm Plaintiff while he is at HDSP. Nor is there any indication that there is a "reasonable expectation" that Plaintiff would be sent back to ESP. *See Darring v. Kincheloe*, 783 F.2d 874, 876 (9th Cir.1986). Plaintiff's request to be separated from all cert team members at ESP is therefore moot. *See Johnson v. Moore*, 948 F.2d 517, 519-22 (9th Cir. 1991) (finding that claims for injunctive relief relating to a prisoner's conditions of confinement are moot where a prisoner has been transferred to another facility and shows no reasonable expectation of return).

Moreover, while Plaintiff's emergency motions contain serious allegations of retaliation that are concerning to the Court, they also fail because the allegations are not part of Plaintiff's underlying claims in this case—as they are related to a December 2022 incident that occurred after the filing of the suit—and concern ESP correctional officers who are not named Defendants (other than Rigney). (ECF No. 11 at 2.) Plaintiff's options with regard to these allegations of a December 2022 incident are to continue to pursue and exhaust his administrative remedies and then file a new lawsuit if he wishes to do so.

The Court accordingly overrules Plaintiff's objection to the First R&R, adopts the First R&R, and denies Plaintiff's emergency motions for a preliminary injunction or temporary restraining order (ECF Nos. 11, 12).

### 2. Second R&R (ECF No. 77)[7]

Plaintiff filed motions for a preliminary injunction or temporary restraining order (ECF Nos. 3, 4)[8] and a related motion for an evidentiary hearing (ECF No. 74). Plaintiff

---

[7]Plaintiff filed an objection to the Second R&R (ECF No. 86), so the Court's review is de novo. Defendants filed a response to the objection (ECF No. 93).

[8]Again, the motions are identical but were docketed separately to reflect the two forms of relief sought.

requests that the Court order ESP officials to keep him away from every person who was present in the room when he was allegedly physically and sexually abused on September 24, 2022, as well as from any family members of those individuals who also work at ESP. (ECF No. 3 at 5.) In the alternative, Plaintiff requests that the Court order ESP to move him to another facility. (*Id.*) Plaintiff also requests that the Court order ESP medical staff to follow all medically required procedures meant to protect those who are engaging in hunger strikes from serious harm or death. (*Id.*) Judge Denney recommends denying the motions because Plaintiff has not demonstrated a likelihood of success on the merits of his underlying excessive force claim or a likelihood of irreparable injury in the absence of an injunction and because Plaintiff's request regarding ESP medical staff lacks a sufficient nexus to the claims proceeding in this action. (ECF No. 77 at 7-13.)

The Court ultimately adopts Judge Denney's recommendation to deny all three motions because all of Plaintiff's requests for injunctive relief are moot.[9] Again, as discussed above, Plaintiff is no longer incarcerated at ESP, and there is no "reasonable expectation" that Plaintiff would be returned to ESP. There is also no indication that Defendants Rigney, Guzman, Gonzales, and Drummond—ESP officials identified in the Complaint as participating in or being present for the September 24, 2022 incident (ECF No. 6 at 5-6)—could interact with or harm Plaintiff while he is at HDSP. As for Plaintiff's request regarding ESP medical staff's treatment of hunger strikers, the Court finds the request also moot because he is no longer housed at ESP and he stated himself that he ended his hunger strike on November 11, 2022 (ECF No. 8 at 2).

Accordingly, the Court overrules Plaintiff's objection to the Second R&R, adopts the Second R&R, and denies Plaintiff's motions for a preliminary injunction or temporary restraining order (ECF Nos. 3, 4) and related motion for evidentiary hearing (ECF No. 74).

---

[9] The Court recognizes the deeply serious and concerning nature of Plaintiff's allegations of ESP officials' conduct. But because Plaintiff's requests for injunctive relief are moot, the Court does not address their underlying merits. To be clear, even though Plaintiff's requests for injunctive relief are moot, his underlying claims are still proceeding, and he still has a potential remedy in the form of damages.

Because the Court finds all of Plaintiff's requests for injunctive relief moot, the Court also denies as moot Plaintiff's subsequently-filed emergency motion to supplement prior preliminary injunction motions (ECF No. 136).

### 3. Objections/Appeals of Magistrate Judge Orders Under LR IB 3-1

Plaintiff filed several objections to Judge Denney's orders under LR IB 3-1. (ECF Nos. 43, 49, 76, 80-85.) "A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case pursuant to LR IB 1-3, where it has been shown that the magistrate judge's ruling is clearly erroneous or contrary to law." LR IB 3-1(a). "[R]eview under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1014 (9th Cir. 1997) (citation omitted). "The reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cnty. of S.F.*, 951 F.2d 236, 241 (9th Cir. 1991) (citation omitted).

#### a. Objection to Magistrate Judge Order on Motion for Sanctions (ECF No. 43)

Plaintiff objects to Judge Denney's order (ECF No. 41) denying Plaintiff's motion for sanctions against mediator Lydia Nussbaum (ECF No. 39). (ECF No. 43.)[10] Plaintiff argues that the order is clearly erroneous because it "does not indicate exactly why [the motion] was denied," which is "inappropriate" given Plaintiff's *pro se* prisoner status. (*Id.* at 2.) While the Court agrees with Plaintiff that in general more detailed explanations of a court's reasoning are helpful, especially for *pro se* parties, courts are not obligated to provide a certain level of detail in their decisions, and it is not necessarily clear error when a court fails to provide reasoning at the level of specificity a litigant would prefer. And while Judge Denney's order is sparse in its reasoning, it does appear to indicate that the motion was denied because Plaintiff's assertions that Nussbaum lacked diligence and failed to

---

[10]Defendants did not file a response to the objection.

8

review the video footage Defendants provided prior to the early mediation conference were insufficient to warrant sanctions against her.[11] (ECF No. 41 at 1.) Judge Denney's ruling is based on Plaintiff's own statements and is not completely unsupported. The Court therefore finds that Plaintiff has not met the high burden of showing that Judge Denney's order was clearly erroneous or contrary to law and overrules Plaintiff's objection.

### b. Objection to Magistrate Judge Order on Motion to Compel (ECF No. 49)

Plaintiff objects to Judge Denney's order (ECF No. 47) denying Plaintiff's motion to compel production of a report and witness (ECF No. 35). (ECF No. 49.)[12] Judge Denney denied Plaintiff's discovery motion—filed before the early mediation conference and the deadline for the Attorney General's Office to accept service for Defendants—as premature. (ECF No. 47 at 2.) Plaintiff argues that Defendants had failed to provide a missing report and the name of a potential witness referenced (by omission) in their opposition to his motions for preliminary injunction and that Plaintiff needed that report and name of the potential witness produced more immediately for purposes of resolving the preliminary injunction motions. (ECF No. 49 at 2; ECF No. 35 at 2-3.) The Court finds that Judge Denney did not clearly err in denying Plaintiff's motion to compel as premature because, according to the docket, Plaintiff filed it during a stay period, before service had even been accepted for the named Defendants, and before a discovery schedule had been set. Moreover, while the Court understands Plaintiff's sense of urgency regarding

---

[11]The Court would further note that mediators like Lydia Nussbaum provide a service to the Court in volunteering their time to help with the Court's inmate mediation program. It would obviously be unreasonable to sanction and chill voluntary service.

[12]Defendants filed a response to the objection arguing that Plaintiff failed to provide points and authorities in support of his motion, constituting a consent to the denial of the motion under LR 7-2(d). (ECF No. 53.) Plaintiff then filed a motion for leave to file a reply (ECF No. 56).

The Court grants Plaintiff's motion for leave to file a reply (ECF No. 56) and considers the reply. The Court agrees with Plaintiff that he did provide points and authorities in his objection (*id.* at 2). However, even considering and agreeing with Plaintiff's reply, the Court does not find that Judge Denney's order was clearly erroneous as discussed further below.

his motions for preliminary injunction, courts have discretion to determine how quickly motions are addressed and whether additional evidence is required to determine the outcome of a motion. Plaintiff's objection (ECF No. 49) is therefore overruled.

### c. Objection to Magistrate Judge Order on Motion for Recusal (ECF No. 76)

Plaintiff filed an objection to Judge Denney's order (ECF No. 59) denying Plaintiff's motion for recusal (ECF No. 54). (ECF No. 76.)[13] Plaintiff's motion to recuse was based on his argument that Judge Denney's order (ECF No. 47) denying Plaintiff's motion to compel (ECF No. 35) was "so blatantly flawed that jurists of reason could conclude that he possesses a hidden agenda." (ECF No. 54 at 2.) In his objection, Plaintiff argues that Judge Denney continues to miss his "fundamental point" that his motion to compel was regarding his motions for preliminary injunction and has not "explain[ed] to a pro se Plaintiff why a missing report from a response to a preliminary injunction motion was not necessary for preliminary injunction resolution." (ECF No. 76 at 2-3.) Again, the Court notes that while a court's decisions should be based on sound reasoning, it is not necessarily obligated to provide explanations at the level of specificity a *pro se* party might prefer or explanations that may not be necessary to the ultimate outcome of a decision. Moreover, Judge Denney's order appropriately addressed the recusal standard and need not have necessarily discussed Plaintiff's motions for preliminary injunction, which although related were not the direct subject of the motion for recusal—the direct subject being alleged personal bias and prejudice.

In Plaintiff's supplement to the objection, he points out, as another purported indication of bias, that Judge Denney had "inexplicably" *sua sponte* denied Plaintiff's emergency motion to supplement his motions for preliminary injunction (ECF Nos. 8, 64), after having already granted the same motion months ago (ECF No. 9). (ECF No. 78 at 2-3.) While the Court can understand why this might be confusing, as far as this Court can

---

[13]Plaintiff also filed a motion to supplement the objection (ECF No. 78), which the Court grants and considers. Defendants did not file a response to the objection.

10

tell, it appears that Judge Denney preliminarily granted Plaintiff's motion to supplement only "insofar as the court will permit ECF No. 8 to serve as Plaintiff's supplement to the motions at ECF Nos. 3, 4, and 5" (ECF No. 9 at 2)—that is, merely permitted Plaintiff to file the supplement and have it be considered—but then later denied the motion for both procedural and substantive reasons after considering its substance (ECF No. 64 at 1-2). This is permissible conduct and does not constitute bias.

For the reasons discussed above, the Court does not find that Judge Denney clearly erred in denying the motion for recusal and therefore overrules Plaintiff's objection (ECF No. 76).

### d. Objection to Magistrate Judge Order on Emergency Motion to Supplement (ECF No. 80)

Plaintiff filed an objection to Judge Denney's order (ECF No. 64) denying Plaintiff's emergency motion to supplement (ECF No. 8) his motions for injunctive relief. (ECF No. 80.)[14] Plaintiff again argues that it does not make sense for Judge Denney to deny the motion after having already granted it and ordered Defendants to file a response. (*Id.* at 2.) Again, as already discussed, while confusing, a court may grant leave for a litigant to file a document—such as this supplement—to be considered, but it may subsequently grant or deny the filing on its procedural and/or substantive merits. It appears that Judge Denney did just that with Plaintiff's motion to supplement.

Plaintiff next argues that the magistrate judge's order is in effect a denial of a preliminary injunction motion, and therefore, Judge Denney lacked the authority to even issue such an order. (ECF No. 80 at 3.) Plaintiff is correct that magistrate judges must

---

[14]Defendants filed a motion to extend time (ECF No. 89) to respond to Plaintiff's objection (ECF No. 80), as well as the remainder of Plaintiff's objections (ECF Nos. 81-85). Good cause appearing, the Court grants Defendants' motion to extend time *nunc pro tunc*. However, again, even with the extension, Defendants filed their responses (ECF No. 99-104) untimely, so the Court declines to consider them. In any event, the responses are again wholly unhelpful because they are virtually identical to Defendants' response (ECF No. 93) to Plaintiff's objection to the Second R&R and not responsive to Plaintiff's corresponding objections. The Court cautions Defendants' counsel not to waste its time and resources with recycled briefing that is unresponsive.

11

prepare a report and recommendation on a motion for injunctive relief. However, Plaintiff's motion was clearly styled as a "motion to supplement" and at the very beginning requests the Court "to take this information into consideration when considering ECF [Nos.] 4, 5, and 6." (ECF No. 8 at 1-2.) Plaintiff does reiterate his requests for the Court to order ESP officials to relocate him to another institution or, in the alternative, to separate him from his alleged abusers from the September 24, 2022 incident and their family members. (*Id.* at 5-6.) However, that language does not transform the "motion to supplement"—a non-dispositive, miscellaneous motion that a magistrate judge may rule on—into a standalone motion for injunctive relief when it was clearly intended as a supplement. Moreover, Judge Denny reasonably construed Plaintiff's motion as a request "to introduce additional evidence to support his motion for injunctive relief" (ECF No. 64 at 2), which he had the authority to decide on its merits. *See* LR IB 1-3 ("A magistrate judge may hear and finally determine any pretrial matter not specifically enumerated as an exception in 28 U.S.C. § 636(b)(1)(A)."); 28 U.S.C. § 636(b)(1)(A) (not enumerating a "motion to supplement" or the like as an exception). In any event, as already discussed above, this issue is effectively moot given that Plaintiff's requests for injunctive relief are moot.

The Court accordingly finds that Judge Denney did not clearly err when denying Plaintiff's motion to supplement. Plaintiff's objection (ECF No. 80) is overruled.

### e. Objection to Magistrate Judge Order on Motion to Supplement (ECF No. 81)

Plaintiff filed an objection to Judge Denney's order (ECF No. 70) denying Plaintiff's motion to supplement (ECF No. 33) his motions for injunctive relief and other related motions. (ECF No. 81.) Judge Denney denied Plaintiff's motion to supplement because Plaintiff had not set forth good cause to supplement his motion under LR 7-2. (ECF No. 70 at 1.) In his objection, Plaintiff first argues that LR 7-2 provides that the Court *may*—not must—strike supplemental filings made without leave of court, and Judge Denney clearly erred by not being more lenient towards a *pro se* Plaintiff. (ECF No. 81 at 2.) While it is true that *pro se* pleadings—such as a complaint—are held to less stringent standards

12

than formal pleadings drafted by lawyers, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), *pro se* parties nevertheless must follow the same procedural rules as other litigants, *see Jacobsen v. Filler*, 790 F.2d 1362, 1364-65 (9th Cir. 1986); *Ghazali*, 46 F.3d at 54 ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure."). LR 7-2(g) provides that "[a] party may not file supplemental pleadings, briefs, authorities, or evidence without leave of court granted for good cause." Plaintiff—even as a *pro se* party—is still bound by the Local Rules, and Judge Denney did not clearly err in denying Plaintiff's motion to supplement under LR 7-2 and for lack of good cause.

Plaintiff also argues that Judge Denney did not have the authority to deny this motion because it was a request for injunctive relief. (ECF No. 81 at 2.) Just like the previous motion to supplement discussed above, Plaintiff's motion here was clearly styled and intended as a non-dispositive "motion to supplement," not as a motion for injunctive relief in and of itself. (ECF No. 33 at 1.) And again, Plaintiff's mere reiteration of his "requests [for] an evidentiary hearing or the granting of his injunction requests or even both" in the motion does not somehow convert it into a dispositive motion for injunctive relief. (*Id.* at 4.) The Court finds no clear error here and overrules Plaintiff's objection (ECF No. 81).

### f. Objection to Magistrate Judge Order on Emergency Motion to Combine and Supplement (ECF No. 82)

Plaintiff filed an objection to Judge Denney's order (ECF No. 65) denying Plaintiff's emergency motion to combine ECF Nos. 3, 4, 5, 8, 10, 11, 12, and the instant motion as a "final request to supplement" (ECF No. 13). (ECF No. 82.) Judge Denney denied the motion for failing to comply with the requirements for filing an emergency motion under LR 7-4. (ECF No. 65 at 1.) Plaintiff first argues that LR 7-4 uses permissive, not mandatory, language regarding denial of an emergency motion for failure to comply with its requirements and that it was unreasonable for Judge Denney to hold *pro se* Plaintiff to such overly technical and stringent standards. (ECF No. 82 at 2-3.) Again, "[a]lthough

[federal courts] construe pleadings liberally in their favor, pro se litigants are [still] bound by the rules of procedure." *See Ghazali*, 46 F.3d at 54. And even if LR 7-4 does not *require* courts to deny emergency motions for failure to comply with technical requirements, it plainly *permits* courts to do so—including to *pro se* parties. *See* LR 7-4(c) ("Failure to comply with the requirements for submitting an emergency motion may result in denial of the motion.").

Plaintiff again argues that his motion in itself constitutes a request for injunctive relief that the magistrate judge did not have jurisdiction to deny. (ECF No. 82 at 4.) For essentially the same reasons as discussed above, Plaintiff's "motion to combine and supplement" is plainly a non-dispositive motion requesting miscellaneous relief—related to but not itself constituting a request for injunctive relief—that the magistrate judge properly ruled on. (ECF No. 13 at 1.)

The Court accordingly finds that Judge Denney did not clearly err and overrules Plaintiff's objection (ECF No. 82.)

    **g. Objection to Magistrate Judge Order on Motion to Compel Production of Evidence (ECF No. 83)**

Plaintiff filed an objection to Judge Denney's order (ECF No. 67) denying Plaintiff's motion to compel Defendants to produce the video recordings of the alleged September 24, 2022 use of force incident (ECF No. 27 at 18). (ECF No. 83.) Judge Denney denied the motion as premature because it was filed before Defendants had filed an answer or other responsive pleading and before discovery and scheduling order deadlines had been set. (ECF No. 67 at 1.) Plaintiff argues that he "was not seeking the video footage for regular discovery purposes" but "for resolution of his preliminary injunction motions." (ECF No. 83 at 2.) But again, courts have discretion to determine whether additional evidence is necessary to determine the outcome of a motion and whether discovery may proceed on an expedited or regular basis. *See Thompson*, 782 F.2d at 831 ("District courts have inherent power to control their dockets."). The video recordings of the alleged September 24, 2022 incident would certainly be relevant to addressing the merits of Plaintiff's

excessive form claim and therefore the likelihood of success on the merits prong of the injunctive relief standard. However, it appears the production of such evidence was not necessary at the early stage that Plaintiff filed the motion because it would not have changed the ultimate outcome of Judge Denney's analysis. Judge Denney had found that Plaintiff had not met the high bar of establishing a likelihood that he would suffer future, imminent irreparable injury absent injunctive relief (ECF No. 77 at 11-12), and evidence of past harm—however serious—does not necessarily demonstrate a likelihood of future harm. The Court therefore finds no clear error and overrules Plaintiff's objection (ECF No. 83).

### h. Objection to Magistrate Judge Order on Motion to Supplement (ECF No. 84)

Plaintiff filed an objection to Judge Denney's order (ECF No. 72) denying Plaintiff's motion to supplement (ECF No. 10) his motions for injunctive relief to address the legal requirements for injunctive relief. (ECF No. 84.) Judge Denney denied the motion under LR 7-2 because Plaintiff did not "assert good cause as to why he neglected to address [the legal requirements] in his original motion." (ECF No. 72 at 1.) *See* LR 7-2 ("A party may not file supplemental pleadings, briefs, authorities, or evidence without leave of court granted for good cause.").

Plaintiff argues that Judge Denney "is being overly technical" and omitted the fact that Plaintiff did previously address the legal requirements but just did not do so "specifically." (ECF No. 84 at 2-3.) Regardless of whether Plaintiff did or did not already address the legal requirements in his original motions for injunctive relief, as already discussed above, Plaintiff—even as a *pro se* litigant—is still bound by the Local Rules, and he filed a supplemental brief without leave of court or demonstrating good cause.[15]

---

[15] In his objection, Plaintiff points to an explanation demonstrating good cause that is located in a separate, later filing (ECF No. 84 at 3), but that explanation needed to be provided beforehand or at least contained within Plaintiff's motion to supplement to be considered on that motion.

To the extent Plaintiff argues he already addressed and "clearly met" the legal requirements of injunctive relief in his original motions (ECF No. 84 at 2), then Plaintiff's motion to supplement would not have been necessary and there was no good cause to grant it on that basis either. And for the same reasons already discussed above, the Court again finds unpersuasive Plaintiff's repeated argument that a magistrate judge "cannot deny a motion to supplement a motion for preliminary injunction because it amounts to a denial of preliminary injunctive relief" (*Id*. at 4).

Accordingly, the Court finds that Judge Denney did not clearly err and overrules Plaintiff's objection (ECF No. 84).

### i. Objection to Magistrate Judge Order on Motions to Supplement (ECF No. 85)

Plaintiff filed an objection to Judge Denney's order (ECF No. 73) denying Plaintiff's motions to supplement (ECF Nos. 14, 15)[16] his motions for injunctive relief with a sworn declaration from Javis Blake, an alleged victim and witness to racist abuse enacted by Rigney and other officers against African American inmates on September 26, 2022 (ECF No. 14-1). (ECF No. 85.) Judge Denney denied the motions because Plaintiff did not demonstrate good cause for the failure to file this declaration with his original motion, "other than the vague statement that he finally convinced Blake to provide a declaration." (ECF No. 73 at 1.)

Plaintiff argues that his statement was not vague and that it is clearly "not easy to convince inmates who have been physically tortured and retaliated against . . . to bravely tell their stories." (ECF No. 85 at 2.) The Court finds the officer conduct alleged in Blake's declaration to be deeply concerning and understands that coming forth with such allegations is very difficult in the face of potential retaliation. However, clear error is a high standard to meet, and Judge Denney's finding that Plaintiff's explanation for the delay was not sufficient to show good cause does not rise to the level of clear error. Reasonable

---

[16]The two motions are identical in content.

minds could disagree on this, and the Court is not "left with the definite and firm conviction that a mistake has been committed." *Sec. Farms*, 124 F.3d at 1014. Moreover, Blake's declaration regarding the abuse he and others have faced does not necessarily support a legal finding that Plaintiff himself faces a likelihood of imminent irreparable harm. In any event, Plaintiff's many objections, including this one, related to supplementing his motions for injunctive relief are functionally moot since his requests for injunctive relief themselves are moot.

The Court therefore finds that Judge Denney did not clearly err and overrules Plaintiff's objection (ECF No. 85).

## IV. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions and objections before the Court.

It is therefore ordered that Plaintiff's objection (ECF No. 159) to the Report and Recommendation of U.S. Magistrate Judge Craig S. Denney (ECF No. 120) is sustained in pertinent part.

It is further ordered that Judge Denney's Report and Recommendation (ECF No. 120), recommending dismissal as sanctions, is rejected.

It is further ordered that this action will continue to proceed.

It is further ordered that Defendants' motion to extend time (ECF No. 90) to respond to Plaintiff's objection to the First R&R is granted *nunc pro tunc.*

It is further ordered that Plaintiff's objection (ECF No. 79) to Judge Denney's First R&R (ECF No. 63) is overruled.

It is further ordered that Judge Denney's First R&R (ECF No. 63) is adopted.

It is further ordered that Plaintiff's emergency motions for a preliminary injunction or temporary restraining order (ECF Nos. 11, 12) are denied as moot.

It is further ordered that Plaintiff's objection (ECF No. 86) to Judge Denney's

Second R&R (ECF No. 77) is overruled.

It is further ordered that Judge Denney's Second R&R (ECF No. 77) is adopted.

It is further ordered that Plaintiff's motions for a preliminary injunction or temporary restraining order (ECF Nos. 3, 4) and related motion for an evidentiary hearing (ECF No. 74) are denied as moot.

It is further ordered that Plaintiff's emergency motion to supplement prior preliminary injunction motions (ECF No. 136) is denied as moot.

It is further ordered that Plaintiff's objection under LR IB 3-1 (ECF No. 43) is overruled.

It is further ordered that Plaintiff's motion for leave to file a reply (ECF No. 56) is granted.

It is further ordered that Plaintiff's objection under LR IB 3-1 (ECF No. 49) is overruled.

It is further ordered that Plaintiff's motion to supplement objection (ECF No. 78) is granted.

It is further ordered that Plaintiff's objection under LR IB 3-1 (ECF No. 76) is overruled.

It is further ordered that Defendants' motion to extend time (ECF No. 89) to respond to Plaintiff's objections (ECF Nos. 80-85) is granted *nunc pro tunc*.

It is further ordered that Plaintiff's objections under LR IB 3-1 (ECF Nos. 80, 81, 82, 83, 84, 85) are overruled.

DATED THIS 13th Day of September 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE